UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICKY LAMAR LATTIMORE, #115054 | ) ) ) | |
| Plaintiff, | ) ) | No. 3:17-cv-01137 |
| | ) | CHIEF JUDGE CRENSHAW |
| v. | ) ) | |
| DAVIDSON COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Ricky Lamar Lattimore, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Davidson County Sheriff's Department, the State of Tennessee, and "Core Civics MDCDF CCA," alleging violations of his federal civil and constitutional rights and state law claims of slander and defamation. (Doc. No. 1). As relief, the Plaintiff seeks monetary damages. (Id. at 6). The Plaintiff does not ask for release from custody. (Id.)

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Section 1983 Standard**

The Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983

2

creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.    Alleged Facts**

Plaintiff alleges that he has been incarcerated since August 20, 2015. He entered a plea of guilty in state court to solicitation on July 6, 2017, and was sentenced to time served. He was transferred from the custody of the Davidson County Sheriff's Office to the Metro-Davidson County Detention Facility on July 14, 2017. He believes that he is being wrongfully imprisoned beyond the expiration of his sentence. (Doc. No. 1 at 5).

**IV.    Analysis**

With respect to the Plaintiff's allegation that he is being held at the Metro-Davidson County Detention Facility beyond his release date, the Plaintiff states a claim for violation of his constitutional rights. See Shorts v.Bartholomew, 255 F. App'x 46, 52 (6th Cir. 2007) ("[T]hat the right at issue is secured by the Constitution and laws of the United States, is beyond dispute: when a prisoner's sentence has expired, he is entitled to release.") (citing Whirl v. Kern, 407 F.2d 781, 791 (5th Cir. 1969) (holding that "[t]here is no privilege in a jailer to keep a prisoner in jail beyond the period of his lawful sentence")); id. ("[A]n incarcerated inmate has a liberty interest in being released at the end of his term of imprisonment.' (quoting Schultz v. Egan, 103 F. App'x 437, 440 (2d Cir. 2004)).

The Plaintiff sues the Davidson County Sheriff's Office, the State of Tennessee, and the

Metro-Davidson County Detention Facility for violating his Constitutional right to be released upon the expiration of his sentence. The Davidson County Sheriff's Office, however, is not an entity that may be sued under § 1983. Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:10-cv-0496, 2010 WL 3341889, at **2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since Matthews, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the § 1983 claim against the Davidson County Sheriff's Office). Consequently, the Plaintiff's § 1983 claims against the Davidson County Sheriff's Office must be dismissed for failure to state a claim upon which relief may be granted.

The Plaintiff also names the Metro-Davidson County Detention Center as a Defendant. However, like any other jail or workhouse, the Metro-Davidson County Detention Center is not a "person" that can be sued under 42 U.S.C. § 1983. Cf. Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Metro-Davidson County Detention Facility, and all claims against that Defendant will be dismissed.

Next, the Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court for damages. Kentucky v. Graham, 473 U.S. 159, 169-70 (1985). Furthermore, a state is not a person within the meaning of § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989)("We

hold that neither a State nor its officials acting their official capacities are 'persons' under § 1983."). The Plaintiff's claims against the state of Tennessee, therefore, are barred by the Eleventh Amendment and do not fall within the purview of § 1983. See Horton v. Martin, 137 F. App'x 773, 775 (6th Cir. 2005) (dismissing damages claim against state parole board under the Eleventh Amendment)(citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984)). These claims, too, must be dismissed.

Finally, the complaint alleges state law claims of slander and defamation against the named Defendants. (Doc. No. 1 at 6). 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." Id. at § (c)(3).

Having dismissed the Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice to be filed, if the Plaintiff so chooses, in a Tennessee state court.[1]

## V.   Conclusion

For the reasons discussed above, the Court finds that the complaint fails to state claims upon which relief can be granted. This action will be dismissed. This dismissal is without prejudice to

---

[1] The Court makes no representations regarding any applicable statute of limitations for any state law claim.

5

the Plaintiff's ability to pursue any remedies available to him by way of a petition for writ of *habeas corpus*. 28 U.S.C. § 1915(e)(2). Further, the Court declines to exercise supplemental jurisdiction over any state law claims asserted in the *pro se* complaint. The dismissal of this action therefore will be without prejudice to the Plaintiff's ability to pursue any remedies available to him in state court.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE